UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DIANNA CHRISTINA BLAIR and<br>VIRGINIA ARLENE GOFORTH,<br>  *Plaintiffs,*<br><br>v.<br><br>CHARLES STEVEN SCHIEVELHUD<br>and REBECCA STEE SCHIEVELHUD<br>  *Defendants*. | )<br>)<br>)<br>)<br>)   Case No. 1:20-cv-282-TRM-CHS<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiffs Diana Christina Blair and Virginia Arlene Goforth have each filed an application to proceed *in forma pauperis*. [Docs. 3 & 7, respectively]. Courts have the responsibility to screen all cases filed by plaintiffs seeking *in forma pauperis* status and to dismiss any case that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). For the reasons stated herein, the Court **RECOMMENDS** the claims for intentional torts and breach of a real estate contract be **DISMISSED** without prejudice, that the claim for conversion of property against Rebecca Schievelhud be **DISMISSED** without prejudice and that the claim for conversion of property against Charles Schievelhud remain.

### II. Plaintiffs' Complaint

Pro se Plaintiffs have filed one complaint which they have both signed. [Doc. 1, Complaint]. Plaintiffs assert subject matter jurisdiction under 28 U.S.C. § 1332. [*Id.* at p. 7]. Plaintiffs reside in Canton, North Carolina and Defendants reside in Tennessee. [*Id.* at p. 1]. Plaintiff Blair alleges that, in 2011, she moved into the residence located at 5049 Eller Road in the

Eastern District of Tennessee (Eller Road Residence). [*Id.* at p. 2, ¶ 1]. Defendant Rebecca Schievelhud is the owner of the Eller Road Residence. [*Id.* ¶ 8]. Plaintiff Blair paid Rebecca Schievelhud half the down payment on the Eller Road Residence and $600.00 a month while Ms. Blair was still working. [*Id.* ¶ 1]. When Ms. Blair stopped working, she continued to pay Rebecca Schievelhud $400.00 a month. [*Id.*]. Ms. Blair made these payment in exchange for a promise from Rebecca Schievelhud that Ms. Blair would receive a life estate in the Eller Road Residence. [*Id.*]. In 2017, Defendants ejected Ms. Blair from the Eller Road Residence without cause and "denied any of her belongings." [*Id.*].

Both Ms. Blair and Ms. Goforth had personal property stored at the Eller Road Residence. [*Id.* ¶ 2]. When Ms. Blair was ejected, Defendant Charles Schievelhud promised to safeguard their personal property for two weeks until they could secure help and a truck to remove the property. [*Id.*]. Instead, Charles Schievelhud took the property to another location where Plaintiffs have no access. [*Id.*]. Plaintiffs have made many attempts to retrieve their property. [*Id.* ¶ 3]. Charles Schievelhud has told them at various times that he has destroyed the property, that he has donated their property, or that they would have to pay him for their property. [*Id.*]. They have not been able to recover their property which includes family memorabilia, years of research for inventions, medical records, court transcripts, law journals, and equipment for a "turnkey" business. [*Id.* ¶¶ 3-4].

Between January 2017 until November 17, 2017, Charles Schievelhud assaulted, harassed, and sexually abused Ms. Blair, and threated her life. [*Id.* ¶ 6]. Rebecca Schievelhud was aware of Charles Schievelhud's conduct and took no action to stop it. [*Id.* ¶ 8].

Ms. Blair asserts a claim of breach of contract with respect to the agreement to give her a life estate in the Eller Road Residence. [*Id.* ¶ 10]. Ms. Blair also asserts the intentional torts of

assault and battery against Defendants. [*Id.* ¶¶ 12-13]. Both Plaintiffs assert a claim of conversion of property against both Defendants. [*Id.* ¶ 11]. Plaintiffs seek $100,000 in compensatory damages, $100,000 for pain and suffering, and a "portion of the estate of the [Eller Road Residence] to compensate for the breach of agreement as to the monies paid by Ms. Blair for down payment, mortgage and upkeep expenses." [*Id.* at p. 5].

III.    **Standard of Review**

The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555.) But, the complaint must state "a plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Further, even though the statute of limitations defense is an affirmative defense, if it appears on the face of the complaint that a claim is time barred, the court may dismiss that claim pursuant to its review under Section 1915. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

IV.    **Analysis**

Federal courts exercising diversity jurisdiction apply the forum state's choice of law rules

to determine which state's substantive law applies. *State Farm Mut. Ins. Co. v. Norcold, Inc.*, 849 F.3d 328, 331 (6th Cir. 2017) ( citing *NILAC Int'l Mktg. Grp. v. Ameritech Servs., Inc.*, 362 F.3d 354, 358 (6th Cir. 2004)).

### A. Ms. Blair's Claim Breach of Contract For Life Estate in Eller Road Residence

Generally, in Tennessee, a contract is governed by the law of the state in which it was executed, unless the parties manifest an intent otherwise. *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). The only state mentioned in this complaint is Tennessee so the Court will apply Tennessee law.

Ms. Blair asserts Rebecca Schievelhud breached an oral agreement they had that Ms. Blair could pay certain monies in exchange for a life estate in the Eller Road Property. Under Tennessee law, an oral contract for a life estate in real estate is prohibited by the Statute of Frauds. *Stallings v. Jones*, 245 S.W.2d 199, 204 (Tenn. 1951); Tenn. Code Ann. § 29-2-101. The Court will recommend this action be dismissed without prejudice.

### B. Ms. Blair's Claim for Personal Injuries

In *Hataway v. McKinley*, 830 S.W.2d 53 (Tenn. 1992), the "Tennessee Supreme Court . . . adopted the 'most significant relationship test' of the Restatement (Second) of the Conflict of Laws to choice of law questions for tort claims" *Carbon Processing and Reclamation, LLC v. Valero Mktg. and Supply Co.*, 823 F.Supp.2d 786, 809-10 (W.D. Tenn. 2011) (citing *Montgomery v. Wyeth*, 580 F.3d 455, 4579 (6th Cir. 2009); *see also Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn.1992). Under this test, the law of the state where the injury occurred applies unless another state has a more significant relationship to the litigation. *Carbon Processing and Reclamation*, 823 F. Supp. 2d at 810 (citing *Hataway,* 830 S.W.2d at 59.) Tennessee is the state where the alleged injuries occurred and is the state with the most important contacts. The Court will apply Tennessee

law.

Ms. Blair alleges Charles Schievelhud physically and sexually assaulted her and harassed and threatened her between January 2017 and November 2017 and that Rebecca Schievelhud knew about this conduct and did nothing to stop it.

The statute of limitations for actions for "injuries to the person" in Tennessee is one year. Tenn. Code Ann. § 28-3-104; *see also Leach v. Taylor*, 124 S.W.3d 87, 91 (Tenn. 2004). Thus, Ms. Blair's claim or claims alleging the intentional torts of assault and battery are time barred.[1]

Further, Ms. Blair has failed to state claims for the intentional torts of assault and battery against Rebecca Schievelhud. In Tennessee, the tort of battery is defined as an intentional act that causes an unpermitted, harmful or offensive bodily contact. *Spearman v. Shelby Cnty Bd. of Educ.*, No. W2019-02050-COA-R3-CV; 2021 WL 142170, at *8 (Tenn. Ct. App. Jan. 15, 2021). The intentional tort of assault occurs when a person intends to create an apprehension of harm in the plaintiff. *Hughes v. Metro. Gov't of Nashville*, 340 S.W.3d 352, 371 (Tenn. 2011). In this case, Plaintiff has alleged no facts that Rebecca Schievelhud personally engaged in intentional conduct to cause unpermitted, harmful or offensive bodily contact to Ms. Blair or to create an apprehension of fear in Ms. Blair. Consequently, Ms. Blair has also failed to state claims for the intentional torts of assault and battery against Rebecca Schievelhud.

The Court will recommend these claims be dismissed without prejudice.

**C.**     **Ms. Blair's and Ms. Goforth's Claims for Conversion of Property**

Plaintiffs allege that Charles Schievelhud refused to allow Plaintiffs to retrieve their personal property which was stored at the Eller Road Residence. They further allege that Charles Schievelhud moved their property to a place to which they have no access, and that he has

---

[1] This Report and Recommendation does not address the statute of limitations for the *criminal* (as opposed to *civil*) charges of rape, assault, battery, and harassment in the state of Tennessee.

alternatively told them he destroyed the property, donated the property, or has it but will not let them have it unless they pay him for the property. This alleged tort occurred in Tennessee, thus the Court will apply the law of Tennessee. " A conversion is the appropriation of the thing to the party's own use, or its destruction or exercising dominion over it in exclusion or defiance of the owner's right, or withholding possession under a claim of title inconsistent with his own." Union & Planters Bank of Memphis v. Farrington, 13 Tenn. (Lea) 333, 336 (1884); *see also Ralston v. Hobbs*, 306 S.W.3d 213, 223 (Tenn. Ct. App. 2009) (holding a cause of action for conversion occurs when the alleged wrongdoer exercises dominion over the property "in defiance of the owner's rights.") (internal citation omitted). Plaintiffs have adequately stated a claim for conversion against Charles Schievelhud.

To the extent that Plaintiffs seek to state a claim of conversion against Rebecca Schievelhud, the Court finds they have failed to state such a claim. On the first page of the Complaint, Plaintiffs stated generally that, "[a]ll of the acts . . . were performed by the defendants and are attributable to the defendants, individually, acting in collusion . . . ." However, Plaintiffs have pleaded no facts to conclude that Rebecca Schievelhud has exercised dominion or control over Plaintiffs' property or that she assisted Charles Schievelhud in doing so. Plaintiffs' statement is a conclusory one which the Court is not required to accept as true when reviewing a complaint under Rule 12(b)(6) standards. *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) ("the court 'need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'") (citing *Terry v. Tyson Farms, Inc.*, 604 F3d 272, 274 (6th 2010)). The Court finds Plaintiffs have failed to state a claim for conversion against Rebecca Schievelhud and will recommend dismissal of this claim.

The statute of limitations in Tennessee for conversion of property is three years. Tenn. Code Ann. § 28-3-105. Ms. Blair was ejected from the property in November 2017, and she filed this action on August 4, 2020. Thus her conversion claim against Charles Schievelhud is timely filed.

V.      Conclusion

For the reasons stated herein, it is **RECOMMENDED** that:

1. Plaintiff Blair's claim for breach of a contract to give her a life estate in the Keller Road Residence be **DISMISSED**.

2. Plaintiff Blair's claims for assault and battery be **DISMISSED**.

3. Plaintiff Blair's and Plaintiff Goforth's claims for conversion of property against Defendant Rebecca Schievelhud be **DISMISSED**.

4. Plaintiff Blair's and Plaintiff Goforth's claims for conversion of property against Defendant Charles Schievelhud remain.[2]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).