# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| DIANNA CHRISTINE BLAIR and<br>VIRGINIA ARLENE GOFORTH, | )<br>)<br>) | Case No. 1:20-cv-282 |
| *Plaintiffs*, | )<br>) | Judge Travis R. McDonough |
| v. | )<br>) | Magistrate Judge Christopher H. Steger |
| CHARLES STEVEN SCHIEVELHUD and<br>REBECCA STEE SCHIEVELHUD, | )<br>)<br>)<br>) | |
| *Defendants*. | | |

## ORDER

On August 24, 2020, Plaintiffs filed this *pro se* action. (Doc. 1.) Plaintiffs also filed an application to proceed *in forma pauperis*. (Doc. 3.) On May 4, 2021, Magistrate Judge Christopher H. Steger granted the application to proceed *in forma pauperis* (Doc. 8) and issued a report and recommendation recommending the Court dismiss some, but not all, of Plaintiffs' claims under 28 U.S.C. § 1915(e)(2) (Doc. 9). Plaintiffs timely objected to some, but not all, of Magistrate Judge Steger's recommendations. (Doc. 10.)

Magistrate Judge Steger recommended that the Court: (1) dismiss Plaintiff Blair's claim for breach of contract for life estate because the alleged agreement was oral and therefore barred by the Tennessee Statute of Frauds; (2) dismiss Plaintiff Blair's claims for assault and battery as barred by the applicable statute of limitations; and (3) dismiss both Plaintiffs' claims for conversion against Defendant Rebecca Shievelhud but allow both Plaintiffs' claims for conversion against Defendant Charles Schievelhud to proceed. (Doc. 9). Plaintiff Blair objects to recommendation (1) on the ground that "evidence may be found in addition to oral

agreements." (Doc. 10.) This does not resolve that Plaintiff failed to allege a written agreement as required by Tennessee law, however, meaning dismissal for failure to state a claim is appropriate. Plaintiff Blair agrees that recommendation (2) is correct and that her assault and battery claims are time-barred. Plaintiffs object to recommendation (3) on the ground that Defendant Rebecca Shievelhud "was present and agreed to safeguard the property in question, and prevented the plaintiffs from entering her property to claim such." (Doc. 10.) Plaintiffs' objection cannot be used to cure a pleading deficiency, however, and as Magistrate Judge Steger observed, Plaintiffs did not allege *facts* showing Defendant Rebecca Shievelhud converted their property under Tennessee law.

After reviewing the record and the applicable law, the Court agrees with the magistrate judge's findings of fact, conclusions of law, and recommendation. Therefore, the Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that (1) Plaintiff Blair's breach-of-contract claim for a life estate be **DISMISSED**; (2) Plaintiff Blair's assault and battery claims be **DISMISSED**; (3) Plaintiffs' claim for conversion against Defendant Rebecca Shievelhud be **DISMISSED**; and (4) Plaintiffs' claim for conversion against Defendant Charles Schievelhud proceed.

    **SO ORDERED.**

    */s/ Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**