| | |
|---|---|
| DIANNA CHRISTINE BLAIR and ) <br> VIRGINIA ARLENE GOFORTH, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> CHARLES STEVEN SCHIEVELHUD and ) <br> REBECCA STEE SCHIEVELHUD, ) <br> ) <br> *Defendants*. ) | Case No. 1:20-cv-282 <br><br> Judge Travis R. McDonough <br><br> Magistrate Judge Christopher H. Steger |

## MEMORANDUM OPINION

Before the Court is Defendants' motion to dismiss for insufficient service of process (Doc. 37). For the reasons that follow, the Court will **GRANT** the motion (*id.*)

### I. BACKGROUND

On August 4, 2020, pro se Plaintiffs Dianna Christine Blair and Virginia Arlene Goforth brought this action against Defendants Charles Steven Schievelhud and Rebecca Stee Schievelhud (Doc. 1). Shortly thereafter, the magistrate judge granted Plaintiffs leave to proceed in forma pauperis and tasked them with completing service packets so the United States Marshals Service ("USMS") could serve Defendants. (Docs. 11, 12.) According to a docket entry dated August 16, 2021, the USMS reported that packets Plaintiffs returned were "not [] filled out completely to allow for service." The Clerk's Office "notified Plaintiffs of deficiencies in their service packets and [sent] new packets to Plaintiffs on August 16, 2021." (Doc. 13, at 1.) After Plaintiffs failed to return completed packets, the Court issued a show cause order. (*Id.*) Plaintiffs did not respond to the order, so the Court dismissed the case. (Doc. 14.)

On December 5, 2022, the United States Court of Appeals for the Sixth Circuit issued an order vacating this Court's dismissal and remanded the matter for further proceedings. (Doc. 19.) Pursuant to that order, this Court directed Plaintiffs to "submit documents and/or affidavits demonstrating the efforts they took to identify Defendants [in their initial completion of service packets] and to file corrected service packets on or before January 20, 2023." (Doc. 22, at 1 (emphasis omitted).) The Court advised that such information was needed to show whether Plaintiffs took reasonable steps to identify Defendants' address for the USMS and thus that failure to timely effectuate service was not attributable to Plaintiffs. (*Id.* at 2 (first citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding in forma pauperis[,] the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint."); and then citing *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2009) ("Our sister circuits have held that a plaintiff has shown 'good cause' for purposes of a dismissal pursuant to Rule 4(m) when a United States Marshal has failed to properly serve process through no fault of the plaintiff.").)

Plaintiffs failed to timely comply with the Court's order. (*See* Doc. 23.) Therefore, on January 27, 2023, the Court again ordered Plaintiffs to file "documentation demonstrating the efforts they took to identify Defendants when they first filed service packets on or before February 10, 2023." (Doc. 24, at 2 (emphasis omitted).) After Plaintiffs provided the requested documentation, the Court found Plaintiffs demonstrated good cause to extend the service deadline and ordered them to submit corrected service packets on or before March 7, 2023. (Doc. 27, at 2.)

Though the service packets were forwarded for service by the USMS on March 6, 2023, USMS personnel notified the Court that the addresses provided for Defendants were not valid and that the processes were forwarded to a different address by the United States Postal Service. Because it was unable to confirm service of process to this new address, the USMS advised the Court that it would request an updated address from Plaintiffs. On June 7, 2023, the Court warned Plaintiffs that "failure to provide the correct address of Defendants on or before June 27, 2023, will result in dismissal of their claims." (Doc. 31, at 4 (emphasis omitted).)

In response to the Court's order, Plaintiffs moved to update Defendants' addresses (Doc. 32), so they may be effectively served. (*Id.* at 1.) The Court then directed the Clerk to send a service packet to Plaintiffs to be completed, returned, and subsequently forwarded to the USMS for service. (Doc. 33, at 1.) According to the docket, the summonses were returned executed on September 11, 2023. (Docs. 35, 36.) On the process receipt and return form, Plaintiffs noted that Tyler Schievelhud "is the best option to locate his father[, Defendant] Charles Schievelhud." (Doc. 41, at 11.) The documents state that the USMS served both Defendants on August 8, 2023, at 4:12 p.m. via certified mail. (Doc. 35, at 1; Doc. 36, at 1.) Both certified mail receipts contain a signature that reads "Lumber Tree Servic" [sic]. (Doc. 35, at 4; Doc. 36, at 4.)

The following day, Defendants moved by special appearance to dismiss the complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 37.) According to Defendants, "[n]either Charles nor Rebecca signed for or acknowledged receipt of the summons or the complaint. Instead, the signatures provided by the USPS read 'Lumber Tree Servic' [sic] and the address reads '4123.'" (*Id.* at 2.) Lumber Tree Services, LLC, is a company owned by Tyler Schievelhud, Defendant Charles Schievelhud's son. (Doc. 37-3, at 2.) Defendants aver that they do not reside or work at the business, they did not sign the return

3

receipt on the summonses and complaints, and they have not appointed an agent to receive service on their behalf. (Doc. 37-3, at 1–2; Doc. 37-4, at 1–2.)

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, the procedure for service of process is as follows:

> (1) *In General*. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) *By Whom*. Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> (3) *By a Marshal or Someone Specially Appointed*. At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c). The following methods may be used to serve an individual within the United States:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Tennessee Rule of Civil Procedure 4.04(1) allows in-person service "[u]pon an individual other than an unmarried infant or an incompetent person, by delivering a copy of

the summons and of the complaint to the individual personally . . . or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served." Tennessee Rules of Civil Procedure 4.04(10) and 4.03(2) outline the procedure for serving a defendant through the mail. Rule 4.04(10) states, in relevant part:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff [or] the plaintiff's attorney . . . . Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual . . . the return receipt mail shall be addressed to [the individual or authorized agent]. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains either (a) a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11).

Rule 4.03(2) states, in relevant part:

> When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk . . . . If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

"[W]hen a plaintiff is proceeding in forma pauperis[,] the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd*, 94 F.3d at 219. Federal Rule of Civil Procedure 4(m) provides the timeline for service:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

5

Though Rule 4(m) of the Federal Rules of Civil Procedure requires that service be effectuated within ninety days of filing a complaint, it also provides for an extension of service "for an appropriate period" when the plaintiff shows good cause for doing so. "Good cause may be satisfied by 'a reasonable and diligent effort to effect service.'" *Perlick Corp. v. Glastender, Inc.*, No. 1:22-cv-10862, 2022 WL 3568983, at *1 (E.D. Mich. Aug. 18, 2022) (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994)) (citing *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). Courts have found good cause to extend the service deadline when the USMS "has failed to properly serve process through no fault of the plaintiff." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2009). This is the case when the plaintiff fails to provide the USMS with "sufficient information to identify the defendant with reasonable effort." *Blair v. Schievelhud*, No. 22-5118, 2022 WL 18861790, at *2 (6th Cir. Dec. 5, 2022); *see also Visner v. Mich. State Police*, No. 5:19-cv-11466, 2020 WL 3410805, at *3 (E.D. Mich. June 22, 2020) ("If Plaintiff intends to make the argument that the USMS should reattempt service, he should provide current, accurate addresses for all four of the above Defendants . . . .") (internal quotations omitted) (quoting the district court's prior order).

Even in the absence of good cause, the Court retains discretion to permit late service. *See United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022). However, a court cannot indefinitely delay progression of the case until service is effectuated, as doing so would frustrate its ability "to secure the just, speedy, and inexpensive determination" of claims. Fed. R. Civ. P. 1; *see also Kivari v. Laird*, No. 1:11-cv-1344, 2013 WL 408476, at *2 (W.D. Mich. Jan. 31, 2013) (noting in the context of a plaintiff's failure to timely serve unidentified defendants that "[p]laintiff is not entitled to delay service indefinitely," and is, per the language of Rule 4(m) of the Federal Rules of Civil Procedure, "only entitled to an extension

'for an appropriate period' of time"); *Portman v. Wilson*, No. CIV.A. 10-169, 2011 WL 4527900, at *5 (E.D. Ky. Sept. 28, 2011) ("It is the plaintiff's responsibility to provide the Court with information sufficient to allow the United States Marshal's Service to serve a defendant.") (citing *Byrd*, 94 F.3d at 217).

The Court notes that Plaintiffs are proceeding in this action *pro se*. The Court is mindful that *pro se* pleadings are liberally construed and are held to less stringent standards than those prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Lewis v. Hawkins*, No. 3:16-cv-315, 2017 WL 4322825, at *4 (E.D. Tenn. Sept. 28, 2017); *see also Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002). The United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Instead, the Supreme Court counsels that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.*

### III. ANALYSIS

Defendants move to dismiss the complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 37.) According to Defendants, "[n]either Charles nor Rebecca signed for or acknowledged receipt of the summons or the complaint. Instead, the signatures provided by the USPS read 'Lumber Tree Servic' [sic] and the address reads '4123.'" (*Id.* at 2.) Plaintiffs disagree. In their response to Defendants' motion to dismiss,

Plaintiffs attach process receipts from USMS, which state that the USMS served both Defendants on August 8, 2023, at 4:12 p.m. via certified mail. (Doc. 41, at 11–12.)

The USMS did not effectively serve Defendants. The USMS, relying on information provided by Plaintiffs, attempted to serve Defendants by mail pursuant to Tennessee Rules of Civil Procedure 4.04(10) and 4.03(2). But the address Plaintiffs provided and that USMS mailed service to is the mailing address for Defendant Charles Schievelhud's son's company, Lumberjack Tree Service, LLC. (Doc. 37-3, at 2.) Defendants do not reside or work at the business, nor have Defendants appointed an agent to receive service on their behalf. Defendants aver by affidavit that they did not sign the return receipt provided by USPS.[1] (*Id.* at 1–2; Doc. 37-4, at 1–2.) Indeed, the "signature" on both receipts reads "Lumber Tree Servic [sic]" rather than either Defendant's name. (Doc. 35, at 4; Doc. 36, at 4.)

Additionally, there is not good cause to allot additional time to properly serve Defendants. Though good cause for an extension may exist when the USMS fails to effectuate service through no fault of a plaintiff, the plaintiff must have provided sufficient identifying

---

[1] Plaintiffs argue that Defendants were necessarily served because they filed the present motion and that Defendants' affidavits stating otherwise are merely "suppositions and guesses." (Doc. 41, at 1 ("The defendants unquestionably received the summons and a copy of the complaint, and hired the attorney who prepared the Motion to Dismiss."), 3.)

Plaintiffs' statement that Defendants received effective service by nature of their appearance in this matter is incorrect. As the Sixth Circuit has held, a defendant's filing in a case does not mean they were served. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) ("This court has indicated, however, that it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4.") (citation omitted).

Plaintiffs are also wrong about the credence a court must give an affidavit. An affidavit is a sworn statement, made under penalty of perjury that "creates a rebuttable presumption that the facts swore therein are true." *Wuori v. Wilmington Sav. Fund Soc'y*, 666 F. App'x 506, 511 (6th Cir. 2016). Though the presentation of contradictory evidence "would require the holding of further proceedings," Plaintiffs have presented no such evidence here. *Id.* (internal quotations and citations omitted).

information for service to occur. Here, Plaintiffs did not do so. Apparently unable to track down either Defendant's home address, Plaintiffs instead provided the USMS with Tyler Schievelhud's business address. (*Id.*) According to the process receipt and return form, Plaintiffs noted that Tyler "is the best option to locate his father[, Defendant] Charles Schievelhud." (Doc. 41, at 11.) Neither Defendant resides or works at Tyler's business, and, for that reason, neither Defendant was present to sign the return receipt. (Doc. 37-3, at 1–2; Doc. 37-4, at 1–2.) Thus, Plaintiffs failed to provide the USMS with key identifying information—accurate addresses—needed to effectuate service on Defendants.

Plaintiffs nonetheless foist the blame for any service deficiencies onto the USMS. (*See*, *e.g.*, Doc. 32, at 1 ("[T]he U S Marshall should have been able to locate the defendants with a search of the internet.").) But it is not the USMS's or the Court's job to come up with Defendants' addresses. *See Fitts v. Sicker*, 232 F. App'x 436, 444 (6th Cir. 2007) (stating that the Sixth Circuit "has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated"); *Portman v. Wilson*, No. CIV.A. 10-169, 2011 WL 4527900, at *6 (E.D. Ky. Sept. 28, 2011) ("It is not the responsibility of either a district court, or of any defendant who has been served with process, to track down new addresses of any defendants who have not been served, or take other affirmative steps to ascertain addresses or whereabouts of any unserved defendants to ensure that they are served either in the proper manner or in the proper time frame.") (citing *Fitts*, 232 F. App'x at 444). Plaintiffs provided the USMS with a non-party's business address, and this was not information sufficient to identify and serve Defendants.

Absent good cause, the Court finds no reason to continue to draw out Plaintiffs' years-long service attempt. This is not the first—or second, or third—time Plaintiffs have failed to

9

provide the USMS with Defendants' correct addresses. The Court ordered the Clerk to issue service packets to Plaintiffs back in June of 2021. (Doc. 12.) According to a docket entry on August 16, 2021, the returned forms were "not [] filled out completely to allow for service." To give Plaintiffs a chance to fix the problem, the Court "notified Plaintiffs of deficiencies in their service packets and remained new packets to Plaintiffs on August 16, 2021." (Doc. 13, at 1.) Plaintiffs did not return completed packets, and the Court dismissed the case. (Doc. 14.) After resolution of Plaintiffs' appeal, the Court again ordered them to file corrected service packets. (Doc. 22, at 1.) The packets Plaintiffs eventually filed contained incorrect addresses, and the USMS requested updated addresses so that it could attempt service. (Doc. 31, at 2.) The "updated address" Plaintiffs submitted was for Tyler's business. Despite having three opportunities across nearly three years to provide an accurate address for Defendants, Plaintiffs have failed to do so.[2]

Because Plaintiffs have failed to provide USMS with sufficient identifying information, USMS has not been able to effectuate service. As a result, the Court lacks jurisdiction to hear this case. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."). Accordingly, Defendants' motion to dismiss for failure to serve will be **GRANTED** (Doc. 37).

---

[2] Indeed, the Court advised Plaintiffs that failure to provide a correct address on their third try would result in dismissal of their claims. (Doc. 31, at 4.)

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 37) is **GRANTED**. Accordingly, pursuant to Federal Rules of Civil Procedure 4(m), Plaintiffs' claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**