UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DIANNA CHRISTINE BLAIR and VIRGINIA ARLENE GOFORTH, | ) ) ) | Case No. 1:20-cv-282 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Christopher H. Steger |
| CHARLES STEVEN SCHIEVELHUD, | ) ) ) | |
| *Defendant*. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court following its previous show-cause order (Doc. 116) and the final pretrial conference held on December 1, 2025 (*see* Doc. 120). In the show-cause order, the Court ordered Plaintiffs and Defendant to show cause as to why to the Court should not dismiss Plaintiffs' suit and as to why the Court should not enter a default judgment against Defendant. (*See* Doc. 116). All parties had missed deadlines for filing pretrial materials, and the Court had reason to believe that they would be unprepared to participate in the final pretrial conference. (*See id.*) The Court's show-cause order established that the parties would be allowed a chance to show good cause for their failure to adhere to the Court's deadlines at the final pretrial conference. (*See id.*)

On December 1, 2025, Defendant filed a motion for leave to accept late-filed materials and asserted that his failure to timely file pretrial materials was generally due to a clerical error. (*See* Doc. 117.) His counsel appeared at the final pretrial conference, ready to participate. (*See*

1

Doc. 120.) The Court finds that Defendant has shown good cause for his failure to adhere to the Court's deadlines and that sanctions are unwarranted.

However, Plaintiffs did not appear at the final pretrial conference. (*See* Doc. 120.) Plaintiffs have also not provided any of the missing pretrial materials identified in the Court's show-cause order. (*See* Doc. 116.) Plaintiffs have not made any attempt to explain their failure to comply with the Court's show-cause order (*id.*), to comply with the Court's scheduling order (Doc. 78), or to appear at the final pretrial conference. After Plaintiffs did not appear at the final pretrial conference, Defendant moved for dismissal pursuant to Federal Rule of Civil Procedure 41(b). (*See* Doc. 120.)

Under Federal Rule of Civil Procedure 16(f):

> [A] court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) to (vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

Both Rules 16(f) and 41(b) authorize a court to dismiss a plaintiff's case if she fails to comply with a court order. *Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 21-5106, 2022 WL 709813, *2 (6th Cir. Feb. 10, 2022). When determining whether dismissal is appropriate under Rule 16(f)(1) or Rule 41(b), a court must consider:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* (quoting *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Mager*, 924 F.3d at 837 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

Here, Plaintiffs failed to comply with multiple court orders (*see* Doc. 78 (the Court's operative scheduling order); Doc. 116 (the Court's show-cause order outlining new directives after Plaintiffs missed multiple deadlines)), and they have made no effort to explain this failure. Although Plaintiffs previously asserted that they did not receive the Court's scheduling order in the mail (*see* Doc. 109), they acknowledge that they had notice of the order by October 30, 2025, roughly a month before the final pretrial conference and related deadlines. (*See id.*; Doc. 116, at 2 n.1.) Further, the Court permitted Plaintiffs to register as E-Filers on ECF upon their request in July 2025 (*see* Docs. 77, 78), months before the final pretrial conference. This should have rendered the mailing of the Court's orders unnecessary. Plaintiffs' course of conduct—over years—demonstrates willful noncompliance with the Court's directives and disregard for these proceedings.

Further, Defendant has been prejudiced by Plaintiffs' noncompliance. Defendant and his counsel were prepared to participate in the final pretrial conference and produced all materials needed for the conference. (*See* Docs. 78, 110, 111, 112, 113, 114, 115, 118.) The expense and effort needed to produce these materials and attend the conference have now gone to waste. Calling jurors to serve despite the near certainty that Plaintiffs will continue their behavior would be irrationally wasteful and disrespectful to those jurors.

Additionally, the Court explicitly warned Plaintiffs that their failure to comply with the Court's directives could result in dismissal (*see* Doc. 116), and although the Court did not explicitly consider lesser sanctions in its show-cause order, it finds that lesser sanctions would be ineffective. Magistrate Judge Christopher H. Steger previously sanctioned Plaintiffs for their failure to appear for their properly noticed depositions, as he required Plaintiffs to pay Defendant's counsel $300 to cover the court reporter fee for the depositions. (*See* Doc. 104.)

Plaintiffs' subsequent actions show that this lesser sanction was insufficient to ensure Plaintiffs' good-faith participation in this case. As such, dismissal is the proper sanction for Plaintiffs' failure to comply with the Court's orders.

For the foregoing reasons, Plaintiffs' suit against Defendant Charles Steven Schievelhud will be **DISMISSED WITH PREJUDICE** pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b).[1]

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] As the Court noted in its show-cause order, no claims remain against Rebecca Stee Schievelhud. (*See* Doc. 116, at 3 n.3; *see also* Docs. 9, 11.)